UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Holly Nygaard and Quanell Gee, on behalf of himself and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Beach House Hospitality Group, LLC d/b/a Beach House Bar and Grill; and Erez Sukarchi, individually,<br><br>Defendants. | C/A No.:  4:20-cv-00233-SAL<br><br><br><br>**CONSENT MOTION FOR CONDITIONAL CLASS CERTIFICATION (FLSA) AND TO AUTHORIZE NOTICE TO PUTATIVE CLASS MEMBERS** |

Plaintiffs, Holly Nygaard ("Nygaard") and Quanell Gee ("Gee"), on behalf of themselves and all others similarly situated (all jointly "Plaintiffs"), by and through their undersigned counsel, and with the consent of Defendants Beach House Hospitality Group, LLC d/b/a Beach House Bar and Grill and Erez Sukarchi, individually (all jointly "Defendants"), by and through their undersigned counsel, hereby move this Honorable Court for an Order granting Conditional Collective Action Certification, pursuant to section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216, and an order sending notices, as outlined below to the putative class members.

**NATURE OF CASE**

Plaintiffs have filed this action as a Collective Action under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. ("FLSA"), and a Rule 23 Class Action for violation of the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, et. seq. ("SCWPA") against Defendants Beach House Hospitality Group, LLC d/b/a Beach House Bar & Grill ("Beach House"); and Erez Sukarchi, individually ("Sukarchi") (Beach House and Sukarchi are jointly "Defendants").

Consent Motion for Conditional Certification - FLSA
C/A No.:   4:20-cv-00233-SAL

# FACTS

At this time, eight (8) individuals who worked for Beach House have joined this lawsuit. Beach House is a restaurant located in Myrtle Beach, South Carolina. In the First Amended Complaint (ECF 18), Plaintiffs allege the following: 1) Beach House paid Plaintiffs a direct, or hourly, rate less than the statutory minimum wage of seven and 25/100 dollars ($7.25) per hour by taking the Tip Credit under the FLSA; 2) they were subject to the same policy, namely a mandatory tip pool ("Tip Pool") wherein they were required to remit, or "tip out," a portion of the tips that they had received; 3) Beach House redistributed a portion of the "tip out" to employees who were not customarily and regularly tipped employees or kept a portion of Plaintiffs' tips; and 4) Beach House failed to pay Plaintiffs the proper overtime amount for all hours worked over forty (40) hours in a workweek. *Id*., ¶¶ 23, 24, 41. Defendants deny all allegations of wrongdoing and that they have violated the law.

# MOTION

The Parties respectfully request that this Honorable Court order the following:

1. Conditionally certify this matter as a collective action for actual damages, liquidated damages, and attorneys' fees and costs under 29 U.S.C. §216(b); and

2. Define the class as follows: "All individuals who were employed by Beach House, as servers or bartenders, at any time within the past three (3) years."[1] The Putative class should include all employees who made less than $7.25 per hour and contributed money to the Tip Pool and were employed within three years of the Notice being sent.

---

[1] This will be used on the Notice to the putative class members. The three years will also be determined by adding 49 days based on the Tolling Agreement to which the parties had signed.

Consent Motion for Conditional Certification - FLSA
C/A No.:   4:20-cv-00233-SAL

3. The Notice and Consent ("Notice") attached to this Order as **Exhibit 1** is appropriate to provide notice to the Putative Members, via U.S. Mail, and for allowing Putative Members to opt-in, or join, the class.  The mailing envelope shall have a return address as follows:

   Beach House Bar & Grill Class Action Lawsuit
   Important Notice of Your Legal Rights
   PLEASE OPEN & READ
   P.O. Box 26170
   Santa Ana, CA 92799

   Enclosed, with the Notice, there will be a self-addressed, postage-paid envelope using the name and mailing address of Plaintiffs' counsel for both the address and return address.

4. The Email Notice, **Exhibit 2**, is appropriate for sending notice to Putative Members via email.  The subject line of the email shall read: **Beach House Bar & Grill** Class Action Lawsuit – Please Read.

5. The Text Message Notice Via Cell Phone, **Exhibit 3**, is appropriate for sending notice to Putative Members via text message.

6. Putative Members will have thirty days (30) days from the date of the Notice to return their Consent form.  Timeliness will be determined based upon the date that the Consent is post-marked or that an email is sent with the completed "Consent to Join."

7. The Parties shall use the services of a Third Party Administrator, Simpluris, Inc. ("TPA"), to handle distribution of the various notices.  Defendants shall pay all fees and costs of the TPA.[2]

---

[2] Simpluris has been used by Plaintiffs' counsel as the TPA numerous times in the past six (6) years and is quite familiar with the tasks outlined in this consent motion.

Consent Motion for Conditional Certification - FLSA
C/A No.:   4:20-cv-00233-SAL

8. Within five (5) calendar days[3] of the entry of this Order, Defendants shall provide, in electronic format, if available, to the TPA, for all Putative Members,[4] the following information:

   a. Full names and identifying if the individual is a current employee;

   b. Dates of employment;

   c. All known mailing addresses on file, including, but not limited to, addresses on payroll records, W-2, in employee file, and on application or resume;

   d. All known email addresses, including, but not limited to, those found in the employee file, on an application or resume, or any other method by which Defendants stored email addresses; and,

   e. All known telephone numbers, including, but not limited to, employee file, on application or resume, W-4; or any other method by which Defendants stored phone numbers.

9. The TPA shall not provide Plaintiffs' counsel with the names, mailing addresses, email addresses, or cell phone numbers of the Putative Members; however, the TPA shall, within seven (7) days of receiving this information from Defendants, provide Plaintiffs' counsel with the following information: (a) the number of Putative Members; (b) the number of mailing addresses; (c) the number of email addresses; and (d) the number of cell phone numbers.

---

[3] To the extent any deadline in this Order falls on a Saturday, Sunday, or legal holiday, the deadline will fall on the next day that is not a Saturday, Sunday, or legal holiday.

[4] To avoid the TPA sending notices to Putative Members who by joining the lawsuit, after they receive the notice from the TPA, would be outside of the potential three (3) year statute of limitations, Defendants shall provide the TPA with Putative Members who have been employed at any time within the prior three (3) years, plus the 49 days of Tolling, of mailing of the notice.

Consent Motion for Conditional Certification - FLSA
C/A No.:   4:20-cv-00233-SAL

10. As soon as business will allow, but before the TPA's deadline for distributing Notice as set forth in Paragraph 11, the TPA shall email counsel for Plaintiffs and counsel for Defendants an example of both envelopes—the one containing the Notice and the return envelope, along with formatted copies of **Exhibits 1, 2, and 3**.[5]  Within one (1) business day of receipt of these envelopes and **Exhibits 1, 2, and 3**, counsel for the Parties shall advise the TPA, as well as their opposing counsel, if the envelopes and Notices are correct or what revisions are needed.

11. The TPA shall, within three (3) calendar days of receipt of the information from Defendants as set forth in Paragraph 8:

    a. Perform a skip trace to determine all Putative Members' up-to-date mailing address;

    b. Insert appropriate dates in **Exhibits 1, 2, and 3**;

    c. Mail, via first class U.S. mail, a copy of **Exhibit 1**, to the best possible address, as determined by the TPA;

    d. Send the Notice via Email, **Exhibit 2**, with **Exhibit 1** attached, to the email addresses(s) for that Putative Member; and

    e. Send the Text Message Via Cell Phone, **Exhibit 3**, to the cell phone number(s) for that Putative Member.

12. If the TPA receives any completed Consents, the TPA shall, within twenty-four (24) hours of receiving the Consent, email a copy to counsel for Plaintiffs to be filed with the Court. The TPA shall also, within five (5) calendar days, mail the original consent to counsel for Plaintiffs.

---

[5] The TPA will need to insert the appropriate dates where the Notices have yellow highlights.

Consent Motion for Conditional Certification - FLSA
C/A No.:   4:20-cv-00233-SAL

| WE SO MOVE: | WE CONSENT: |
|---|---|
| *(signature)* | s/Benjamin A. Baroody |
| Bruce E. Miller, Esq. (Fed Bar No. 3393) | Benjamin A. Baroody, Esq. (Fed. Bar No. 9442) |
| BRUCE E. MILLER, P.A. | BELLAMY LAW FIRM |
| 147 Wappoo Creek Drive, Suite 603 | 1000 29th Avenue North, |
| Charleston, SC  29412 | Myrtle Beach, SC  29577 |
| T: 843.579.7373 | T: 843.448.2400 |
| F: 843.614.6417 | F: 843.448.3022 |
| bmiller@brucemillerlaw.com | bbaroody@bellamylaw.com |
| ATTORNEY FOR HOLLY NYGAARD AND QUANELL GEE, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED | ATTORNEY FOR BEACH HOUSE HOSPITALITY GROUP, LLC D/B/A BEACH HOUSE BAR & GRILL; AND EREZ SUKARCHI, INDIVIDUALLY |
| Date:       May 11, 2020 | Date:       May 11, 2020 |