UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| HOLLY NYGAARD and QUANELL GEE, on behalf of themselves and all others similarly situated, | ) ) ) ) | C/A: 4:20-CV-00233-JD |
| Plaintiffs, | ) ) ) | **THIRD AMENDED COMPLAINT** |
| v. | ) ) ) | **FLSA COLLECTIVE ACTION** |
| BEACH HOUSE HOSPITALITY GROUP, LLC d/b/a BEACH HOUSE BAR & GRILL; and EREZ SUKARCHI, individually, | ) ) ) ) ) | **RULE 23 CLASS ACTION** **JURY TRIAL DEMANDED** |
| Defendants. | ) ) | |

Plaintiffs, Holly Nygaard ("Nygaard") and Quanell Gee ("Gee"), on behalf of themselves and all others similarly situated, ("Plaintiffs"), complaining of the acts of Defendants Beach House Hospitality Group, LLC d/b/a Beach House Bar & Grill ("Beach House"); and Erez Sukarchi ("Sukarchi"), individually, (Beach House and Sukarchi collectively "Defendants") allege as follows:

## NATURE OF CLAIM

1. This action is brought individually and as a collective action for actual damages, liquidated damages, attorneys' fees and costs, and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"). The collective action provisions under the FLSA, § 216(b), provide for opt-in class participation.

2. This action is also brought individually and as a class action for payment of wages and for other relief under the South Carolina Payment of Wages Act, South Carolina Code Ann. § 41-10-10, et. seq. ("SCPWA"). These claims are proposed as opt-out class claims under Rule 23

Second Amended Complaint
Nygaard v. Beach House Hospitality Group, C/A: 4:20-CV-00233-JD

of the Federal Rules of Civil Procedure.

### **PARTIES, JURISDICTION, and VENUE**

3. Plaintiffs reallege each and every allegation contained in the above paragraphs as if repeated here verbatim.

4. Nygaard is a citizen and resident of Horry County, South Carolina.

5. Gee is a citizen and resident of Mecklenburg County, North Carolina

6. Beach House is a South Carolina limited liability company maintaining offices and agents in Horry County, South Carolina. Beach House is an employer of individuals and operates a restaurant in Horry County, South Carolina, doing business as Beach House Bar & Grill.

7. Upon information and belief, Sukarchi is a citizen and resident of Horry County, South Carolina, and is an owner and/or member of Beach House, or otherwise is an individual who had the authority to establish the specific policies of wages of Plaintiffs while employed at the Beach House.

8. Nygaard was employed at Beach House. A substantial part of the events giving rise to these claims occurred in Horry County.

9. Gee was employed at Beach House. A substantial part of the events giving rise to these claims occurred in Horry County.

10. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 based upon Plaintiffs' claims under the FLSA.

11. Plaintiffs brings this action, as an opt-in Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of a class of individuals defined as follows: nonexempt employees of Defendants at any time within the three (3) years prior to joining this lawsuit, who were paid a direct, or hourly, rate less than the minimum wage of Seven and 25/100 dollars ($7.25) per hour, received tips, from

Second Amended Complaint
Nygaard v. Beach House Hospitality Group, C/A: 4:20-CV-00233-JD

which Defendants required a portion of those tips to be placed in the mandatory tip pool created by Defendants ("Tip Pool").

12. Plaintiffs also bring this action as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of individuals defined as follows: nonexempt employees of Defendants at any time within the three (3) years prior to the filing of this lawsuit, who were paid a direct, or hourly, rate less than the minimum wage of Seven and 25/100 dollars ($7.25) per hour, received tips, from which Beach House required a portion of those tips to be placed in the Tip Pool, without written or legal authorization, and a portion was redistributed by Defendants to employees who are not employees who are customarily and regularly tipped.

13. Upon information and belief, this action satisfies the requirements of Fed. R. Civ. P. 23(a), as alleged in the following particulars:

    a. The proposed Plaintiff class is so numerous that joinder of all individual members in this action is impracticable;

    b. There are questions of law and/or fact common to the members of the proposed Plaintiff class;

    c. The claims of Plaintiff are typical of the claims of the proposed Plaintiff class; and

    d. Plaintiff will fairly and adequately protect the interests of the class.

14. In addition, upon information and belief, this action satisfies one or more of the requirements of Fed. R. Civ. P. 23(b), because the questions of law and/or fact common to the members of the proposed Plaintiff class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Second Amended Complaint
Nygaard v. Beach House Hospitality Group, C/A: 4:20-CV-00233-JD

15. Venue in this District and in this Division is appropriate pursuant to 28 U.S.C. 1391(b)(2) and 1391(c), as a substantial part of the events giving rise to the claims herein occurred in this Division, the Defendants have extensive and deliberate contacts in this Division, and one of the individual Defendants is a resident of this Division.

16. Based upon the above, jurisdiction and venue are proper in this court and division.

17. The work and pay records, including the "tip-out" reports, of Nygaard, Gee, and the members of the putative class are in the possession, custody, and/or control of Defendants, and Defendants are under a duty, pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor, to maintain and preserve such payroll and other employment records from which the amount of Defendants' liability can be ascertained. Plaintiffs request an order of this Court requiring Defendants to preserve such records during the pendency of this action.

**FACTS**

18. Plaintiffs reallege each and every allegation contained in the above paragraphs as if repeated here verbatim.

19. Defendants own and / or operate Beach House.

20. Defendant Sukarchi exercises operational control over Beach House. On information and belief, Sukarchi is involved in the decisions to set the wages and pay, including the Tip Pool, for Plaintiffs, or he hired the individuals to whom he delegated this authority, therefore, Sukarchi is individually liable to Plaintiffs.

21. Defendant Sukarchi has been either a Defendant or heavily involved with Defendants in prior federal actions in this court in which the same or substantially similar allegations have been made. Because of what Sukarchi learned or should have learned from his

Second Amended Complaint
Nygaard v. Beach House Hospitality Group, C/A: 4:20-CV-00233-JD

involvement in these prior federal actions, his conduct, and that of Defendant Beach House was either a willful violation or one in which Defendants acted with reckless disregard for following the FLSA and SCPWA.

22. Nygaard was employed by Beach House from approximately February of 2015 through July of 2019 as a bartender.

23. Gee was employed by Beach House from approximately May of 2017 through August of 2019 as a server.

24. Defendants paid Nygaard, Gee, and on information and belief all Plaintiffs, a direct, or hourly, wage less than the statutory minimum wage by taking the "Tip Credit" under the FLSA, 29 U.S.C. § 203(m).

25. Beach House had a policy that required Nygaard, Gee, and on information and belief all Plaintiffs, to remit, from the tips they received, a portion of their tips at the end of each shift into the mandatory Tip Pool. From the Tip Pool, Defendants redistributed or kept a portion of Plaintiffs' tips in the following ways:

    A. To other employees who were not employees who "customarily and regularly" received tips;

    B. To the Defendants for Silverware that Defendants claimed Plaintiffs had thrown away;

    C. To the Defendants for guests who had left the restaurant without paying for their food and drinks. This practice is generally known as "Dine-n-Dash" in the food and beverage industry. Defendants claimed that Plaintiffs were responsible for the total amount of guests' food and drinks when this occurred; and

    D. To the Defendants for any orders of food or drinks that the restaurant guests

Second Amended Complaint
Nygaard v. Beach House Hospitality Group, C/A: 4:20-CV-00233-JD

told Plaintiffs that they did not want or for any mistakes in entering the orders by Plaintiffs.

26. Defendants failed to give Nygaard, Gee, and on information and belief all Plaintiffs, proper notice that Defendants were taking the Tip Credit in the following ways:

A. Defendants failed to give Plaintiffs any notice that they were paying Plaintiffs with the Tip Credit;

B. Defendants gave Plaintiffs written notice that Plaintiffs could voluntarily share any portion of their tips with other team members and that Beach House did not coerce this participation in any way;

C. Defendants failed to give Plaintiffs notice of the various percentages that Defendants required that Plaintiffs contribute, or give Defendants, for the mandatory Tip Pool created by Defendants; or

D. Defendants failed to give Plaintiffs notice that the Manager on Duty ("MOD") at the time, meaning each different shift, had the discretion to change the percentages that Defendants required that Plaintiffs contribute, or give Defendants, for the mandatory Tip Pool created by Defendants.

## FOR A FIRST CAUSE OF ACTION
### Violation of Fair Labor Standards Act
### 29 U.S.C. § 203(m), 206
### (Violation of Tip Credit / Failure to Pay Proper Minimum Wage)

27. Plaintiffs reallege each and every allegation contained in the above paragraphs as if repeated here verbatim.

28. At all times relevant to this Complaint, Defendants engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) and 203(s).

29. At all times relevant to this Complaint, Defendants' annual gross volume of sales made or business done was not less than Five Hundred Thousand and 00/100 dollars

Second Amended Complaint
Nygaard v. Beach House Hospitality Group, C/A: 4:20-CV-00233-JD

($500,000.00). Alternatively, Plaintiffs worked in interstate commerce so as to fall within the protection of the FLSA.

30. The business of Defendants was and is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1) and, as such, Defendants are subject to, and covered by, the FLSA.

31. The FLSA, 29 U.S.C. § 206, requires employers to pay its nonexempt employees a minimum wage of Seven and 25/100 dollars ($7.25) an hour.

32. The FLSA, 29 U.S.C. § 203(m), provides an exception allowing certain employers to take a "Tip Credit" and pay less than the statutory minimum wage to tipped employees, on the condition that any pooling, or sharing, of tips is shared only with other employees who customarily and regularly receive tips.

33. The FLSA, 29 U.S.C. § 203(m), expressly prohibits the employer, in this case the Defendants, from retaining any portion of tips received by employees who Defendants have paid by claiming the Tip Credit.

34. The FLSA, 29 U.S.C. § 203(m), requires the employer, who is taking the "Tip Credit," to give the tipped employees proper notice of this section, which includes proper notice of any tip pooling policy.

35. Nygaard, Gee, and on information and belief all Plaintiffs, were required by Defendants to pool, or share, their tips with employees, who are not employees who customarily and regularly receive tips, therefore, the Tip Pool is invalidated.

36. Nygaard, Gee, and on information and belief all Plaintiffs, were never told that the Manager on Duty had the discretion and authority to change the percentages that Defendants required that Plaintiffs contribute, or give Defendants, for the mandatory Tip Pool created by

Second Amended Complaint
Nygaard v. Beach House Hospitality Group, C/A: 4:20-CV-00233-JD

Defendants.

37. Nygaard, Gee, and on information and belief all Plaintiffs, were required by Defendants to share a portion of their tips with Defendants for Silverware that Defendants claimed Plaintiffs had thrown away, the Tip Pool is invalidated.

38. Nygaard, Gee, and on information and belief all Plaintiffs, were required by Defendants to share a portion of their tips with Defendants for the total food and drink bill of guests who "Dine-n-Dash," the Tip Pool is invalidated.

39. Nygaard, Gee, and on information and belief all Plaintiffs, were required by Defendants to share a portion of their tips with Defendants for any orders of food or drinks that the restaurant guests told Plaintiffs that they did not want or for any mistakes in entering the orders by Plaintiffs, the Tip Pool is invalidated.

40. When the Tip Pool is invalidated, the employer can no longer enjoy the benefits of the Tip Credit provision, 29 U.S.C. § 203(m).

41. Defendants have violated the FLSA, 29 U.S.C. § 203(m), 206, by either a willful violation of the FLSA or in reckless disregard of the FLSA and the rights of Plaintiffs.

42. As such, Plaintiffs seek to recover from Defendants the following damages:

    a.     actual damages for a three-year period;

    b.     liquidated damages of an equal amount;

    c.     reasonable attorney's fees and costs and disbursements of this action; and

    d.     an order from this Court requiring Defendants to comply with the FLSA.

### FOR A SECOND CAUSE OF ACTION
**Violation of Fair Labor Standards Act**
**29 U.S.C. § 207**
**(Failure to Pay Proper Overtime Wage)**

43. Plaintiffs reallege each and every allegation contained in the above paragraphs as if

Second Amended Complaint
Nygaard v. Beach House Hospitality Group, C/A: 4:20-CV-00233-JD

repeated here verbatim.

44. Pursuant to the terms of the FLSA, 29 U.S.C. § 207, an employer must pay a nonexempt employee time and a half for all hours worked over forty (40) hours in a workweek.

45. Defendants failed to pay Plaintiffs and all other similarly situated employees the proper amount for all hours worked over forty (40) hours in a workweek or overtime hours worked.

46. Defendants have violated the FLSA, 29 U.S.C. § 207, by either a willful violation of the FLSA or in reckless disregard of the FLSA and the rights of Plaintiffs.

47. As such, Plaintiffs seek to recover from Defendants the following damages:

    a. actual damages for a three-year period;

    b. liquidated damages of an equal amount;

    c. reasonable attorney's fees and costs and disbursements of this action; and

    d. an order from this Court requiring Defendants to comply with the FLSA.

**FOR A THIRD CAUSE OF ACTION**
**(South Carolina Payment of Wages Act)**
**(Individual and Class Action)**

48. Plaintiffs, on behalf of themselves and all similarly situated employees, reallege and incorporate by reference all preceding paragraphs as if they were set forth herein verbatim.

49. Each Defendant is an "employer" as defined by the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(1).

50. Defendants employed Plaintiffs and the members of the Plaintiffs' class within the State of South Carolina.

51. Plaintiffs worked for Defendants with the clear understanding and agreement with Defendants that their compensation would be consistent with all applicable laws, including state wage laws.

Second Amended Complaint
Nygaard v. Beach House Hospitality Group, C/A: 4:20-CV-00233-JD

52. Plaintiffs had an employment agreement with Defendants whereby they would be paid wages for all hours worked.

53. SCPWA § 41-10-10(2) defines wages as "all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or other method of calculating the amount and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract."

54. Money received by Plaintiffs as tips were "wages" as defined by SCPWA, § 41-10-10(2).

55. Pursuant to the SCPWA § 41-10-40(C), "[a]n employer shall not withhold or divert any portion of the employee's wages unless the employer is required or permitted to do so by state or federal law or written authorization.

56. Defendants deducted amounts from the wages of Plaintiffs that were not permitted by state or federal law and without written authorization. Defendants redistributed a portion of these wages to other employees who were not employees who "customarily and regularly" received tips or kept portions for Defendants. These amounts were illegal deductions.

57. Defendants owe Plaintiffs these wages that were illegally deducted.

58. Defendants actions were willful, and Defendants have no bona fide reason why they took this action.

59. Pursuant to S.C. Code § 41-10-80(C), Plaintiffs and the members of the Plaintiffs' class are entitled to recover in this action an amount equal to three times the full amount of their deducted wages, as outlined above, plus costs and reasonable attorney's fees.

WHEREFORE, having fully set forth their allegations against Defendants, Plaintiffs respectfully request that the Court enter judgment for the following relief:

    a.    An order authorizing the sending of appropriate notice to current and former employees of Defendants who are putative members of the collective action, but have yet "opted-in," under the FLSA;

    b.    An order prohibiting Defendants from violating the FLSA, particularly the Tip Credit, in the future;

    c.    For Plaintiffs, under the first and second causes of actions:

        i.    actual damages in an amount to be determined;

        ii.    liquidated damages of an equal amount;

    d.    An order certifying a class action under Rule 23 of the Federal Rules of Civil Procedure to remedy the class-wide violations of the South Carolina Payment of Wages Act;

    e.    Actual damages in the amount of wages due under SCPWA;

    f.    Treble damages pursuant to SCPWA;

    g.    Reasonable attorney's fees and costs;

    h.    Injunctive relief ordering Defendants to amend their wage and hour policies to comply with applicable federal and state laws; and

    i.    Such further relief as the Court deems just and proper.

Plaintiffs request a trial by jury.

*(Signature page to follow.)*

Second Amended Complaint
Nygaard v. Beach House Hospitality Group, C/A: 4:20-CV-00233-JD

_____
Bruce E. Miller, Esq. (Fed Bar No. 3393)
BRUCE E. MILLER, P.A.
147 Wappoo Creek Drive, Suite 603
Charleston, SC  29412
T: 843.579.7373
F: 843.614.6417
bmiller@brucemillerlaw.com

**ATTORNEY FOR PLAINTIFFS**

CHARLESTON, SC

March 25, 2021