UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Holly Nygaard and Quanell Gee, on behalf of themselves and all others similarly situated, | ) ) ) | |
| | ) | C/A No.:  4:20-cv-00233-JD |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| | ) | **ORDER** |
| Beach House Hospitality Group, LLC d/b/a Beach House Bar and Grill; and Erez Sukarchi, individually, | ) ) ) | **APPROVING PARTIAL SETTLEMENT** **UNDER THE** **FAIR LABOR STANDARDS ACT** |
| | ) | |
| Defendants. | ) ) | |

This matter comes before the Court by way of a Joint Motion.  The attorneys for Plaintiffs and Defendants (jointly "Parties") request approval of the Settlement Agreement reached between the Parties.

Plaintiffs commenced this action alleging that Defendants violated certain provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (hereafter "FLSA"), including § 207, pertaining to the payment of overtime wages, which is set forth in the Plaintiffs' Second Cause of Action in their Third Amended Complaint.  Defendants filed an Answer to the Third Amended Complaint denying any liability under the FLSA.  There are disputes between the Parties as to the underlying facts and the controlling law.  Nonetheless, the Parties believe the settlement reached and agreed upon to be a fair and reasonable settlement of their dispute, given the uncertainty as to liability and damages and the estimated future costs of litigation.

The settlement of FLSA claims outside the context of Department of Labor supervised settlements requires court approval.  Courts generally approve FLSA settlements when they are

reached as a result of contested litigation to resolve bona fide disputes. See *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982); *Clark v. Ecolab Inc.*, 2010 WL 1948198, at *7 (S.D.N.Y. May 11, 2010).  If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved. *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

After due consideration and inquiry into the circumstances surrounding the proposed settlement of Plaintiffs' FLSA claim against Defendants, and review of the Settlement Agreement,[1] I find and conclude that the proposed settlement in this case meets the standard for approval as it reflects a reasonable compromise of a bona fide dispute. I find and conclude that the proposed settlement is just and reasonable and in the best interest of the Parties.  I further find the settlement to have been reached in good faith.

The receipt of payment by each of the Plaintiffs in this matter shall constitute an accord, satisfaction, and release of any and all claims for damages arising out of the Defendants' alleged failure to pay overtime wages *only* which any such individual may have against the Defendants arising out of their employment with Defendants.

This settlement shall not limit the Plaintiffs' or Defendants' rights to discover information, including, without limitation, any alleged violation of Section 207 of the FLSA, by any means permitted by the Federal Rules of Civil Procedure, or to seek the introduction or exclusion of evidence in accordance with the Federal Rules of Evidence.

Based upon the Parties' joint request to approve the settlement and after review of the Settlement Agreement, the court approves the Settlement Agreement as requested by the Parties.

---

[1]  The Settlement Agreement has been approved and signed by all Parties.  Plaintiffs' counsel has advised each Plaintiff of the amount of money he or she will receive from the settlement, and thereafter has received no objections to the settlement.

The balance of this case shall continue.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

April 22, 2021
Greenville, South Carolina