UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| HOLLY NYGAARD and QUANELL GEE, on behalf of themselves and all others similarly situated, | ) ) ) ) | C/A: 4:20-CV-00233-JD |
| Plaintiffs, | ) ) | **PLAINTIFFS' MEMORANDUM TO SUPPORT MOTION TO COMPEL** |
| v. | ) ) ) | |
| BEACH HOUSE HOSPITALITY GROUP, LLC d/b/a BEACH HOUSE BAR & GRILL; and EREZ SUKARCHI, individually, | ) ) ) ) ) | |
| Defendants. | ) ) | |

### Nature of Case

This action is brought individually and as a collective action for actual damages, liquidated damages, attorneys' fees and costs, and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA").  This court granted a consent motion and ordered Conditional Certification pursuant to § 216 of the FLSA (ECF 25).  *This action is also brought individually and as a class action for payment of wages* and for other relief under the South Carolina Payment of Wages Act, South Carolina Code Ann. § 41-10-10, et. seq. ("SCPWA"). These claims are proposed as opt-out class claims *under Rule 23 of the Federal Rules of Civil Procedure.*[1]

### Facts

Defendants admitted they paid Nygaard, Gee, and on information and belief all Plaintiffs, a direct, or hourly, wage less than the statutory minimum wage by taking the "Tip Credit" under the FLSA, 29 U.S.C. § 203(m).  (ECF 58, ¶ 19).  Plaintiffs and Defendants (jointly "Parties") have

---

[1] Plaintiffs anticipate soon filing a Motion for Class Certification under FRCP 23.

Plaintiffs' Memorandum to Support Motion to Compel
C/A: 4:20-CV-00233-JD

engaged in extensive written discovery, taking a total of five (5) depositions.[2]  The Parties decided

to see if the action could be resolved through mediation,[3] but were unsuccessful.  Plaintiffs had

served an interrogatory asking Defendants to identify the remaining servers and bartenders (the

balance of the putative class).  Defendants objected to identifying these individuals.  A telephone

conference was held with the court on September 9, 2021, but no resolution was reached; thus, this

motion to compel is required.[4]

**Argument**

Plaintiffs' Interrogatory Number 14 and Defendant Beach House's Response are both on

**Exhibit 1**.  Defendant makes the following objections:

1.  The interrogatory exceeds the scope of discovery under FRCP 26(b);

2.  Information is irrelevant; unnecessary; and redundant;

3.  Information is not proportional to the needs of this particular case; and

4.  The information sought "would risk providing Plaintiffs and their representatives with the

    ability to engage in renewed, direct contact with members of a putative class who have

    previously chosen not to join in this lawsuit to do so."  Id.[5]

Plaintiffs have alleged, but Defendants have *denied* the following:

> 25.     Beach House had a policy that required Nygaard, Gee, and on
> information and belief all Plaintiffs, to remit, from the tips they received, a portion
> of their tips at the end of each shift into the mandatory Tip Pool.  From the Tip
> Pool, Defendants redistributed or kept a portion of Plaintiffs' tips in the following
> ways:
>> A.     To other employees who were not employees who "customarily and

---

[2]  Discovery was delayed by both Plaintiffs' counsel, his paralegal, and Defendants' General Manager all suffered through having COVID-19.

[3]  The court granted the Parties' Consent Motion to Amend the Scheduling Order (ECF 65).  The Parties agreed to stay all deadlines, including the deadline to file this Motion to Compel, to determine if the action could be resolved.

[4]  Following the telephone conference, Plaintiffs' counsel had depositions in Spartanburg in a federal action and then was faced with a serious, personal matter.  Plaintiffs' counsel contacted Defendants' counsel who understood and agreed not to argue any delay in time.

[5] Plaintiffs will address each of these objections below.

Plaintiffs' Memorandum to Support Motion to Compel
C/A: 4:20-CV-00233-JD

     regularly" received tips;

        B.     To the Defendants for Silverware that Defendants claimed Plaintiffs had thrown away;

        C.     To the Defendants for guests who had left the restaurant without paying for their food and drinks. This practice is generally known as "Dine-n-Dash" in the food and beverage industry. Defendants claimed that Plaintiffs were responsible for the total amount of guests' food and drinks when this occurred; and

        D.     To the Defendants for any orders of food or drinks that the restaurant guests told Plaintiffs that they did not want or for any mistakes in entering the orders by Plaintiffs.

26.     Defendants failed to give Nygaard, Gee, and on information and belief all Plaintiffs, proper notice that Defendants were taking the Tip Credit in the following ways:

A.     Defendants failed to give Plaintiffs any notice that they were paying Plaintiffs with the Tip Credit;

B.     Defendants gave Plaintiffs written notice that Plaintiffs could voluntarily share any portion of their tips with other team members and that Beach House did not coerce this participation in any way;

C.     Defendants failed to give Plaintiffs notice of the various percentages that Defendants required that Plaintiffs contribute, or give Defendants, for the mandatory Tip Pool created by Defendants; or

D.     Defendants failed to give Plaintiffs notice that the Manager on Duty ("MOD") at the time, meaning each different shift, had the discretion to change the percentages that Defendants required that Plaintiffs contribute, or give Defendants, for the mandatory Tip Pool created by Defendants.

(ECF 57, ¶¶ 25 – 26 and ECF 58, ¶ 20).

In addition, Plaintiffs have alleged, but Defendants have *also denied* the following:

     13.     Upon information and belief, this action satisfies the requirements of Fed. R. Civ. P. 23(a), as alleged in the following particulars:

        a.     The proposed Plaintiff class is so numerous that joinder of all individual members in this action is impracticable;

        b.     There are questions of law and/or fact common to the members of the proposed Plaintiff class;

        c.     The claims of Plaintiff are typical of the claims of the proposed Plaintiff class; and

        d.     Plaintiff will fairly and adequately protect the interests of the class.

     14.     In addition, upon information and belief, this action satisfies one or more of the requirements of Fed. R. Civ. P. 23(b), because the questions of law and/or fact common to the members of the proposed Plaintiff class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Plaintiffs' Memorandum to Support Motion to Compel
C/A: 4:20-CV-00233-JD

(ECF 57, ⁋⁋ 13 - 14 and ECF 58, ⁋ 10).

## I.    The interrogatory exceeds the scope of discovery under FRCP 26(b)

FRCP 26(b)(1) reads: "*Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding **any nonprivileged matter** that is **relevant to any party's claim or defense** and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. **Information within this scope of discovery need not be admissible in evidence to be discoverable**." (emphasis added).

Plaintiffs seek Defendants to Identify the remaining servers and bartenders who worked during the relevant Time Period. Each of these approximate forty (40) individuals[6] would have information to Plaintiffs' claims as outlined above, which Defendants have denied. Defendants will obviously argue that Plaintiffs' testimony is bias because they are seeking money damages. The information, and potential evidence, from these 40 individuals would be immune from Defendants' argument of bias. These would be independent witnesses. Clearly this information is relevant.

## II.    Information is irrelevant; unnecessary; and redundant

Irrelevant: This has been addressed above.

Unnecessary: Plaintiffs are unsure of the meaning of this objection; however, they assume that Defendants are arguing that because there are twelve Opt-ins,[7] these twelve need no information from the other forty individuals. Again, these forty individuals will be immune from Defendants' argument of bias.

Redundant: This is more of an argument of evidence being cumulative, which is an argument for admissibility at trial, not during discovery.

---

[6] Defendants' counsel indicated there are approximately 40 individuals in his September 6, 2021 email to the court. **Exhibit 2.**
[7] Thirteen individuals have joined, or become Opt-ins, but one has no damages; thus, there are twelve from a practical standpoint.

Plaintiffs' Memorandum to Support Motion to Compel
C/A: 4:20-CV-00233-JD

### III.    Information is not proportional to the needs of this particular case

The 2015 Amendments to FRCP 26 are important:

> The present amendment restores the proportionality factors to their original place in defining the scope of discovery. This change reinforces the Rule 26(g) obligation of the parties to consider these factors in making discovery requests, responses, or objections.

> Restoring the proportionality calculation to Rule 26(b)(1) does not change the existing responsibilities of the court and the parties to consider proportionality, and the change does not place on the party seeking discovery the burden of addressing all proportionality considerations.

> Nor is the change intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional. The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes.

FRCP 26, Committee Notes on Rules—2015 Amendment.

In this court's order of Conditional Certification, Defendants were required to do the following:

> Within five (5) calendar days[8] of the entry of this Order, Defendants shall provide, in electronic format, if available, to the TPA, for all Putative Members,[9] the following information:
> a.  Full names and identifying if the individual is a current employee;
> b.  Dates of employment;
> c.  All known mailing addresses on file, including, but not limited to, addresses on payroll records, W-2, in employee file, and on application or resume;
> d.  All known email addresses, including, but not limited to, those found in the employee file, on an application or resume, or any other method by which Defendants stored email addresses; and,
> e.  All known telephone numbers, including, but not limited to, employee file, on application or resume, W-4; or any other method by which Defendants stored phone numbers.

Plaintiffs' counsel was not copied on the email from Defendants' counsel to the TPA, but assumes

that *all of the required information was sent, via electronically, to the TPA in one email*. **This**

---

[8] To the extent any deadline in this Order falls on a Saturday, Sunday, or legal holiday, the deadline will fall on the next day that is not a Saturday, Sunday, or legal holiday.

[9] To avoid the TPA sending notices to Putative Members who by joining the lawsuit, after they receive the notice from the TPA, would be outside of the potential three (3) year statute of limitations, Defendants shall provide the TPA with Putative Members who have been employed at any time within the prior three (3) years, plus the 49 days of Tolling, of mailing of the notice.

Plaintiffs' Memorandum to Support Motion to Compel
C/A: 4:20-CV-00233-JD

**same email can be forwarded to Plaintiffs' counsel to answer this interrogatory**; thus, there is
no viable objection of proportionality.

> **IV.    The information sought "would risk providing Plaintiffs and their representatives
> with the ability to engage in renewed, direct contact with members of a putative
> class who have previously chosen not to join in this lawsuit to do so."**

This objection is usually one found more often in a Motion for Protective Order because
Plaintiffs generally already know the identity of the putative class.[10]  Defendants claim, "This
information is not being sought for the purpose of assisting a jury or your Honor is (sic) deciding
issues of fact, but, instead, to directly solicit additional plaintiffs.  **Exhibit 2**.  Defendants have no
evidence to support this opinion; it is simply their fear.

In *Gulf Oil Company v. Bernard*, 452 U.S. 89 (1981) the Supreme Court "consider[ed] the
authority of district courts under the Federal Rules to impose sweeping limitations on
communications by named plaintiffs and their counsel to prospective class members."  The district
court had entered an order with "a complete ban on all communications concerning the class action
between parties or their counsel and any actual or potential class member who was not a formal
party, without the prior approval of the court."  *Id*., at 94-95.  The Court found that this order
"made it more difficult for respondents, as the class representatives, to obtain information about
the merits of the case from the persons they sought to represent."  *Id*., at 101.

> Because of these potential problems, an order limiting communications
> between parties and potential class members should be based on a clear record and
> specific findings that reflect a weighing of the need for a limitation and the potential
> interference with the rights of the parties.[15] Only such a determination can ensure
> that the court is furthering, rather than hindering, the policies embodied in the
> Federal Rules of Civil Procedure, especially Rule 23.

---

[10]  Plaintiffs could find no cases that directly address the issue of Defendants objecting to identifying the remaining
members of a putative class in either a FLSA collective action or a FRCP Rule 23 class action.

Plaintiffs' Memorandum to Support Motion to Compel
C/A: 4:20-CV-00233-JD

*Id.*, at 101-02.   The Court then addressed the potential abuses in class-action litigation:

> We recognize the possibility of abuses in class-action litigation, and agree with petitioners that such abuses may implicate communications with potential class members.[19] But the mere possibility of abuses does not justify routine adoption of a communications ban that interferes with the formation of a class or the prosecution of a class action in accordance with the Rules.

*Id.*, at 104.

In two cases, decided the same day, the United States District Court for the Western District of New York found that these same principles above apply to a FLSA Collective Action.

> Additionally, in exercising a court's discretion to supervise FLSA collective actions, the strong remedial policy underlying FLSA actions must be given weight. As the Supreme Court observed in *Hoffmann-La Roche, Inc.* regarding the proper handling of FLSA claims: "The broad remedial goal of the statute should be enforced to the full extent of its terms." *Hoffmann-La Roche, Inc.,* 493 U.S. at 173, 110 S. Ct. 482. Thus, Plaintiffs' counsels' need to foster awareness of the statutory rights of Defendants' employees and to establish Plaintiffs' claims through fact discovery cannot be sublimated to Defendants' unsubstantiated fears of over reaching misconduct by Plaintiffs' counsel.

*Gordon v. Kaleida Health*, 737 F. Supp. 2d 91, 98 (W.D.N.Y. 2010); *Hinterberger v. Catholic Health System, Inc.*, 2010 U.S. Dist. Lexis 96435, 20-21 (W.D.N.Y. 2010). These two cases are even more aligned with the present action because they were Conditionally Certified FLSA Collective Actions and alleged Rule 23 Class Actions.

> While Defendants correctly state that discovery of a defendant's employees, as relevant to an FLSA collective action for unpaid wages, is conditioned upon court certification, *see, e.g. Searson v. Concord Mortgage Corp, 2008 U.S. Dist. LEXIS 28667, 2008 WL 961624, at *1 (E.D.N.Y. April 8, 2008)* (no discovery of defendant's employees in FLSA action prior to plaintiff's request for conditional certification of class), it does not follow, as Defendants impliedly argue, that FLSA collective action plaintiffs are thereby prevented from further use of such information so obtained in communicating with other employees **[*28]** who, as with the instant action, may be putative members of a yet to be certified class.

*Gordon*, 737 F. Supp. 2d at 100; *Hinterberger*, at 27-28.

The court expressly held that Plaintiffs had a right to seek information from putative class

Plaintiffs' Memorandum to Support Motion to Compel
C/A: 4:20-CV-00233-JD

members.

> Plaintiffs have a right to seek information from putative class members, *Bernard,* 452 U.S. at 101, 101 S. Ct. 2193 (recognizing class action plaintiffs' right to obtain information regarding merits of action from prospective class action members); *Wiegele v. Fedex Ground Package System,* 2007 WL 628041, at \*\*2-3 (S.D. Cal. Feb. 8, 2007) (recognizing state wage and hour class plaintiffs' right to obtain evidence to support plaintiffs' damage claims from putative class members after denial of class certification and noting absence of legal basis for court-approved communications to putative class members after motion for class certification has been denied) (citing caselaw), and Defendants have failed to justify any restriction on Plaintiffs' right to do so.

*Gordon*, 737 F. Supp. 2d at 102; *Hinterberger*, at 33-34.

If Plaintiffs have the right to seek information from putative class members, they certainly have the right, under the discovery rules, to require Defendants to identify the putative class members.

## Conclusion

Clearly, potential information from the putative class members is relevant to the claims of Plaintiffs.  Plaintiffs have the right to seek information from putative class members; thus, they certainly have the right to require Defendants to Identify the putative class members.

s/Bruce E. Miller
Bruce E. Miller, Esq. (Fed Bar No. 3393)
BRUCE E. MILLER, P.A.
147 Wappoo Creek Drive, Suite 603
Charleston, SC  29412
T: 843.579.7373
F: 843.614.6417
bmiller@brucemillerlaw.com

**ATTORNEY FOR PLAINTIFFS**

CHARLESTON, SC

October 12, 2021