UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| HOLLY NYGAARD and QUANELL GEE, on behalf of themselves and all others similarly situated, | ) ) ) ) | C/A: 4:20-CV-00233-JD |
| Plaintiffs, | ) ) | **MEMORANDUM OF LAW IN SUPPORT OF** |
| v. | ) ) | **PLAINTIFFS' MOTION FOR RULE 23 CLASS CERTIFICATION** |
| BEACH HOUSE HOSPITALITY GROUP, LLC d/b/a BEACH HOUSE BAR & GRILL; and EREZ SUKARCHI, individually, | ) ) ) ) ) | |
| Defendants. | ) | |

## NATURE OF CASE

Named Plaintiffs, Holly Nygaard and Gee Quanell ("Name Plaintiffs"), on behalf of themselves and all others similarly situated (all jointly "Plaintiffs"), filed this action as a Collective Action under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. ("FLSA"), and a Rule 23 Class Action for violation of the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, et. seq. ("SCPWA") against Defendants Beach House Hospitality Group, LLC d/b/a Beach House Bar & Grill ("Beach House"); and Erez Sukarchi, individually ("Sukarchi") (Beach House and Sukarchi are jointly "Defendants"). This court granted a consent motion and ordered Conditional Certification pursuant to § 216 of the FLSA (ECF 25). A total of thirteen individuals have joined or opted-in to the FLSA action.

After extensive written discovery, Defendants took the depositions of the Named Plaintiffs and two additional plaintiffs. Plaintiffs took the deposition of Beach House's General Manager. Defendants then requested that the parties stay all further discovery and motions to see

Memorandum in Support of Plaintiffs' Motion for Rule 23 Class Certification
C/A: 4:20-CV-00233-JD

if the case could be resolved at a mediation. The parties were unsuccessful in resolving the action at mediation on August 11, 2021.

Plaintiffs then renewed their request for Defendants to identify the other putative class members who would be the potential class for the Rule 23 case. Defendants objected to this interrogatory, which led to an informal conference with the court and an eventual Motion to Compel (ECF 71), which is pending. Defendants have taken the depositions of five (5) more plaintiffs. Plaintiffs are taking the depositions of Defendants' four (4) identified Managers-on-Duty December 6-7.

Plaintiffs now move for certification of a Rule 23 Class comprised of: "All individuals who were employed by Beach House, as servers or bartenders, at any time from January 24, 2017 through May 14, 2020." (January 24, 2017 – May 14, 2020 hereinafter "Time Period").

The Court should grant Rule 23 certification, Name Plaintiffs as class representatives, and Name Plaintiffs' counsel as class counsel. Defendants' workplace policies and practices of taking deductions from Plaintiffs' tips for "walkouts; wrong orders; and silverware" give rise to common questions of law and fact. Indeed, whether Defendants' policies and practices violated the SCPWA is a question that applies equally to the fifty-three[1] tipped workers who worked at Beach House during the Time Period.

**FACTS**

This cause of action for violation of the SCPWA against Defendants is for the Time Period. Plaintiffs and the Putative Class (Plaintiffs and Putative Class hereinafter "Tipped Employees") were employed as servers or bartenders who were paid by Defendants using the Tip Credit of the FLSA. (ECF 58, p. 3, No. 19). Defendants also deducted from Tipped Employees'

---

[1] Counsel for Defendants have acknowledged that the remaining Putative Class is approximately 40 individuals. When that is added to the current 13 Plaintiffs, we have a total of 53. (ECF 72, p. 12)

Memorandum in Support of Plaintiffs' Motion for Rule 23 Class Certification
C/A: 4:20-CV-00233-JD

tips[2] amounts for Walkouts, Wrong Orders, and Silverware. These amounts were taken by Defendants from Tipped Employees at the end of the shift during the process known as tip-out or cash-out. **Exhibit 1 – Deposition of Steve Ghidella**, p. 201, l. 4-9; p. 206, l. 24 – p. 207, l. 3. Defendant Sukarchi appointed Ghidella as General Manager ("GM") of Beach House in the 2009-10 time frame. Since being appointed GM, Ghidella is the top employee at Beach House to whom all of the other employees report. Ghidella admitted that he answers to no one. *Id.,* p. 51. l. 15 – p. 52, l. 23. Defendants have given Ghidella carte blanche authority. His only limitation is that he cannot sell the business. *Id.*, at p. 55, l. 6-12.

To succeed, Plaintiffs' claims under the SCPWA simply require proof of Defendants' policies and a finding that those policies violated S.C. Code Ann § 41-10-40, which states:

> An employer shall not withhold or divert any portion of an employee's wages unless the employer is required or permitted to do so by state or federal law or the employer has given written notification to the employee of the amount and terms of the deductions as required by subsection (A) of § 41-10-30.

S.C. Code Ann. § 41-10-40.

**1.    Walkouts**

Walkouts, also known as "Dine-n-Dash," is when a guest comes in, orders food and/or beverage, and before he or she pays, walks out and leaves the restaurant without paying. *Id.*, p, 188, l. 22 – p. 189, l. 1. Beach House's walk out policy was that if the Tipped Employee failed to get a credit card and form of ID, and the guest walked out without paying, Beach House could charge the Tipped Employee for the amount of the tab. Ghidella started this policy. *Id.*, p. 192, l. 7 – 14. Beach House used this Walkout policy during the entire Time Period. *Id.*, p. 194, l., 17 – 21. Beach House deducted for Walkouts, from the tips of the Tipped Employees, during the

---

[2] This court has held that "tips" are "wages" under the SCPWA. *Degidio v. Crazy Horse Saloon & Rest.*, Inc., 190 F. Supp. 3d 499 (D.S.C. 2016); *Carbone v Zen 333 Inc.*, 2016 U.S. Dist. LEXIS 176355 at 10 (D.S.C. 2016).

Memorandum in Support of Plaintiffs' Motion for Rule 23 Class Certification
C/A: 4:20-CV-00233-JD

cash-out or tip-out at the end of the shift. *Id.*, p. 201, l. 4 – 9. The walkout policy was not in writing; thus, Beach House did not obtain signed authorization form Tipped Employees to make these deductions. *Id.*, p. 197, l., 1 – 2. There are no records of when Beach House required the Tipped Employees to pay for Walkouts. *Id.*, p. 195, l. 7 – 10.

### 2. Wrong Orders

During the Time Period, Beach house also had a policy that when there was a wrong order it was at the discretion of the manager on duty as to whether he required the tipped employee to pay for the wrong order. This deduction from the tips was also done the same way as the Walkouts. *Id.*, p. 206, l. 18 – p. 207, l. 3. It was done throughout the Time Period. *Id.*, p. 209, l. 11 – 13. Beach House also has no records of when it deducted tips from the Tipped Employees for Wrong Orders. *Id.*, p. 212, l. 3 – 7.

### 3. Silverware

Beach House also had a policy, during the Time Period, of authorizing the Manager on Duty to deduct from the tips of the Tipped Employees to pay for Silverware. *Id.*, p. 209, l. 1 – 10. Ghidella admitted that Silverware is overhead of the restaurant. *Id.*, p. 211, l. 13 – 15. Beach House also has no records of when it required these deductions. *Id.*, l. 9 – 12.

### 4. Signed Authorizations for Deductions

Ghidella, the GM and top employee at Beach House, admitted that he did not know if Beach House had any signed authorizations for Beach House to deduct, from the tips, for Walkouts, Wrong Orders, or Silverware. *Id.*, p. 216, l. 11 – 20.

## ARGUMENT

The class action device "saves the resources of both the courts and the parties by permitting an issue potentially affecting every [class member] to be litigated in an economical

Memorandum in Support of Plaintiffs' Motion for Rule 23 Class Certification
C/A: 4:20-CV-00233-JD

fashion" under Rule 23. *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 318 (4th Cir. 2006); *see also Hunter v. Am. Gen. Life & Acc. Ins. Co.*, No. 301-5000-22, 2004 WL 5231631 (D.S.C. Dec. 2, 2004) (same). In keeping with this policy, the Court of Appeals for the Fourth Circuit has adopted a liberal construction of Rule 23. *See Kidwell v. Transp. Commc'ns Int'l Union*, 946 F.2d 283, 305 (4th Cir. 1991) (citing In re *A.H. Robins Co.*, 880 F.2d 709 (4th Cir.1989); *see also Harris v. McCrackin, No.* 03-3845-23, 2006 WL 1897038 (D.S.C. July 10, 2006). This Court has declared that "the interests of justice require that in a doubtful case ... any error, if there is to be one, should be committed in favor of allowing a class action." *S. Carolina Nat. Bank v. Stone*, 139 F.R.D. 325, 328 (D.S.C. 1991) (quoting *Esplin v. Hirschi*, 402 F.2d 94, 101 (10th Cir. 1968), cert. denied, 394 U.S. 928 (1969)); *see also In re BearingPoint, Inc. Sec. Litig.*, 232 F.R.D. 534, 538 (E.D. Va. 2006) ("the requirements of Rule 23 are to be construed liberally. Thus, any doubts about the propriety of certification should be resolved in favor of certification").

In determining whether to certify a class, courts must accept as true all substantive allegations in the complaint. *See In re Kirschner Med. Corp. Sec. Litig.*, 139 F.R.D. 74, 81 (D. Md. 1991). Courts may look beyond the four corners of the complaint for purposes of class certification, but may not consider "whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits." *DeLoach v. Philip Morris Companies, Inc.*, 206 F.R.D. 551, 554 (M.D.N.C. 2002); *see also Alasin v. Westinghouse Savannah River Co.*, No. 05-1045, 2008 WL 2169427 (D.S.C. May 23, 2008) (same). At this stage, courts need only determine whether a class exists and whether the named plaintiffs are members of it. *See Perry v. City of Norfolk*, 194 F.3d 1305 (4th Cir. 1999); *Morris v. City of Charlottesville*, No. 300-00029, 2001 WL 743771 (W.D. Va. July 3, 2001).

Memorandum in Support of Plaintiffs' Motion for Rule 23 Class Certification
C/A: 4:20-CV-00233-JD

The courts of the Second Circuit take a liberal approach in analyzing the Rule 23 factors and exercise broad secretion in determining when to certify a class; moreover, if a FLSA collective action has been certified, there is an inclination to grant class certification.

> Although the Court's analysis in the class certification context must be "rigorous," courts generally "take a liberal rather than a restrictive approach in determining whether the plaintiff satisfies Rule 23's requirements and may exercise broad discretion when determining whether to certify a class." *Spread Enters.*, 298 F.R.D. at 66 (citing *Flores v. Anjost Corp.*, 284 F.R.D. 112, 122 (S.D.N.Y. 2012); *Pecere v. Empire Blue Cross and Blue Shield*, 194 F.R.D. 66, 69 (E.D.N.Y. 2000)). Indeed, "[c]ourts in this Circuit have displayed 'a preference for granting rather than denying class certification.'" *Morris v. Alle Processing Corp. ("Morris I")*, No. 08-CV-4874, 2013 U.S. Dist. LEXIS 64534, 2013 WL 1880919, at *5 (E.D.N.Y. 2013) (quoting *Gortat v. Capala Bros. ("Gortat I")*, 257 F.R.D. 353, 361 (E.D.N.Y. 2009)); *see Marisol A. v. Giuliani*, 126 F.3d 372, 377 (2d Cir. 1997). "Moreover, 'where a collective action under the FLSA that is based on the same set of facts has been approved there is an inclination to grant class certification of state labor law claims.'" *Morris I*, 2013 U.S. Dist. LEXIS 64534, 2013 WL 1880919, at *5 (quoting *Garcia v. Pancho Villa's of Huntington Village, Inc.*, 281 F.R.D. 100, 104-05 (E.D.N.Y. 2011)); *see Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 163 (S.D.N.Y. 2008) ("[C]ourts in the Second Circuit routinely certify class action[s] in FLSA matters so that New York State and federal wage and hour claims are considered together.") (collecting cases)).

*Martinez v. Ayken, Inc.,* 2016 U.S. Dist. LEXIS 25556 at 16 (E.D.N.Y. 2016).

Here, Plaintiffs can easily prevail on the issue of whether a class should be certified in this case. The putative class is made up of fifty-three tipped employees who all, at some point during the Time Period, worked at Beach House. Defendants required each and every one to pay, from their tips received, Defendants for walkouts; wrong orders; and silverware. Accordingly, as shown below, the proposed class meets the numerosity, commonality, typicality, and adequacy of representation requirements of Rule 23(a) and may be certified as a class action under Rule 23(b)(3). *See Gen. Tel. Co. of S. W. v. Falcon*, 457 U.S. 147 (1982).

    **A.**    **The Proposed Class Meets the Requirements of Rule 23(a)**

Rule 23(a) of the Federal Rules of Civil Procedure identifies the prerequisites for a class action as follows:

Memorandum in Support of Plaintiffs' Motion for Rule 23 Class Certification
C/A: 4:20-CV-00233-JD

> (a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); *see generally Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1191 (2013); *Gray v. Hearst Commc'ns, Inc.*, 444 Fed. App'x 698, 700 (4th Cir. 2011); *Brown v. Nucor Corp.*, 576 F.3d 149, 152 (4th Cir. 2009); *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 339 (4th Cir. 2006); *Degidio v. Crazy Horse Saloon & Rest.*, Inc., 2017 U.S. Dist. LEXIS 219018 (D.S.C. 2017). These four prerequisites for class certification under Rule 23(a) are commonly referred to as "numerosity, commonality, typicality, and adequacy of representation." *See Id.* Each of these requirements is satisfied in this case.

### 1. The Proposed Class Is Sufficiently Numerous

The first requirement of Rule 23(a) is that a plaintiff must show that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1); *see also Degidio, supra*; *Mitchell v. Conseco Life Ins. Co.*, No. 12-548, 2013 WL 5372776 (D.S.C. 2013); *Lott v. Westinghouse Savannah River Co.*, 200 F.R.D. 539, 550 (D.S.C. 2000). Satisfaction of the numerosity requirement does not require that joinder is impossible, but only that the plaintiff will suffer a litigational hardship or inconvenience if joinder is required. *See Olvera-Morales v. Int'l Labor Mgmt. Corp.*, 246 F.R.D. 250, 255 (M.D.N.C. 2007); *Rodger v. Elec. Data Sys. Corp.*, 160 F.R.D. 532, 535 (E.D.N.C. 1995).

While no magic number exists satisfying the numerosity requirement, the number of potential plaintiffs present in this case has been approved to satisfy the 23(a)(1) requirement. *See*, e.g., *Delebreau v. Bayview Loan Servicing, LLC*, No. 09-00245, 2009 WL 4884354 (S.D. W. Va.

Memorandum in Support of Plaintiffs' Motion for Rule 23 Class Certification
C/A: 4:20-CV-00233-JD

Dec. 10, 2009) ("There is no magic number to meet the numerosity requirement") (citing *Brady v. Thurston Motor Lines*, 726 F.2d 136, 145 (4th Cir. 1984)); *Bussian v. DaimlerChrylser Corp.*, No. 104-00387, 2007 WL 1752059 (M.D.N.C. June 18, 2007) ("There is no magic number for purposes of satisfying Rule 23(a)(1)"); *Barton v. Constellium Rolled Products-Ravenswood, LLC*, No. 13-03127, 2014 WL 1660388 (S.D. W. Va. 2014) (same); In re *Titanium Dioxide Antitrust Litig.*, 284 F.R.D. 328, 337 (D. Md. 2012) ("The Fourth Circuit has held that no specified number is needed to maintain a class action. This Court has previously noted that, generally speaking, courts find classes of at least 40 members sufficiently large to satisfy the impracticability requirement") (quoting *Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967) and *Peoples v. Wendover Funding, Inc.*, 179 F.R.D. 492, 497 (D. Md. 1998)). Accordingly, the numerosity requirement of Rule 23(a)(1) is met; it would be impractical and a waste of judicial economy to bring all class members before the Court on an individual basis.

### 2. Plaintiffs' Claims Present Questions of Law and Fact Common to the Class

Rule 23(a)(2) requires that there be questions of law or fact common to the members of the class. Generally, courts give this commonality requirement a permissive application since the threshold for commonality is "not high" and "only requires that some questions of law or fact be shared by the putative class members, and not all questions raised be common." *Paulino v. Dollar Gen. Corp.*, No. 12-75, 2014 WL 1875266 (N.D. W.Va. Feb. 24, 2014) ("This commonality requirement has been liberally construed and those courts that have focused on Rule 23(a)(2) have given it permissive application so that common questions have been found to exist in a wide range of contexts") (quoting *Haywood v. Barnes*, 109 F.R.D. 568, 577 (E.D.N.C. 1986)); *Ruffin v. Entm't of the E. Panhandle*, No. 11-19, 2012 WL 5472165 (N.D. W.Va. 2012) (same); *Rodger v.*

Memorandum in Support of Plaintiffs' Motion for Rule 23 Class Certification
C/A: 4:20-CV-00233-JD

*Elec. Data Sys. Corp.*, 160 F.R.D. 532, 537 (E.D.N.C. 1995) (same); *Brown v. Nucor Corp.*, 576 F.3d 149, 153 (4th Cir. 2009) ("The threshold requirements of commonality and typicality are not high"); *Kohl v. Ass'n of Trial Lawyers of Am.*, 183 F.R.D. 475, 484 (D. Md. 1998) (not all questions raised need be common). Indeed, the commonality requirement is "not onerous. The inquiry is not whether common questions of law or fact predominate, but only whether such questions exist." *Matthews v. Buel, Inc.*, No. 11-162, 2012 WL 1825273 (D.S.C. 2012). Thus, minor differences in the facts do not preclude a finding of commonality and a single common question of law or fact is sufficient to satisfy the requirement. *See Stanley v. Cent. Garden & Pet Corp.*, 891 F. Supp.2d 757, 770 (D. Md. 2012) ("To show commonality, there must be a single common question of law or fact among class members, although members do not need to share all issues. Factual differences among class members will not necessarily preclude certification if the class members share the same legal theory").

Here, the primary legal and factual issue at the center of Plaintiffs' Rule 23 certification motion is whether Defendants' policies violated the SCPWA. This issue is common to Plaintiffs and to each putative class member and can be answered on a class-wide basis. Liability under the SCPWA will derive from Defendants' policy of requiring its Tipped Employees to pay Defendants, from their tips, for Walkouts; Wrong Orders; and Silverware. This is exactly the type of unifying thread that satisfies Rule 23(a)(2).

Indeed, similar challenges under state laws to an employer's rules requiring deductions and payments back to the employer routinely have been held to satisfy the commonality requirement, including in the tipped employee context. *See, e.g.*, Graudins v. Kop Kilt, LLC, 2017 U.S. Dist. LEXIS 25926 at 9-10 (E.D. Pa. 2017) (approving Rule 23 Class as Representative Plaintiff and class members were all tipped employees who paid the restaurant for cash

Memorandum in Support of Plaintiffs' Motion for Rule 23 Class Certification
C/A: 4:20-CV-00233-JD

shortages); *Martinez v. Ayken, Inc.,* 2016 U.S. Dist. LEXIS 25556, 21-30 (E.D.N.Y. 2016) (finding commonality does not mean that all issues must be identical as to each tipped employee, but it does require that plaintiffs identify some unifying thread among the members' claims that warrants class treatment); *Tiro v. Pub. House Invs., LLC*, 288 F.R.D. 272, 278-79 (S.D.N.Y. 2012) (finding commonality of tipped employees claims over defendant restaurant's objections); *Johnson v. Brennan,* 2011 U.S. Dist. LEXIS 105775 at 13-14 (S.D.N.Y. 2011) (district court found commonality of tipped employees four allegations of how restaurant had violated the state wage act). Accordingly, the "commonality" factor is met here.

### 3. Named Plaintiffs' Claims Are Typical of the Class Claims

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The typicality requirement ensures that the claims of the representative plaintiffs are aligned and consistent with those of other class members. A class representative's claims are typical if they arise from the same course of conduct leading to the class claims, and if the same legal theory underlies the claims or defenses. *Rowles v. Chase Home Fin., LLC*, No. 10-01756, 2012 WL 80570 (D.S.C. 2012). The analysis under this requirement overlaps and tends to merge with Rule 23(a)(2)'s requirement of commonality. *Soutter v. Equifax Info. Servs., LLC*, 498 Fed. App'x 260, 264-65 (4th Cir. 2012) ("Typicality tends to merge with commonality, insofar as both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiffs' claims and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence. Thus, the essence of the typicality requirement is captured by the notion that 'as goes the claim of the named plaintiff, so

Memorandum in Support of Plaintiffs' Motion for Rule 23 Class Certification
C/A: 4:20-CV-00233-JD

go the claims of the class.'" (quoting *Deiter v. Microsoft Corp.*, 436 F.3d 461, 466 (4th Cir. 2006) and *Broussard v. Meineke Discount Muffler Shops, Inc*., 155 F.3d 331, 340 (4th Cir.1998)).

Here, Named Plaintiffs' claims arise from the same course of conduct as the claims of the class – Defendant's requirements that Tipped Employees pay Defendants, from their tips, for Walkouts; Wrong Orders; and Silverware. Named Plaintiffs were typical tipped employees in all relevant respects. They both were required to pay Defendants, from their tips, for Walkouts; Wrong Orders; and Silverware. **Exhibit 2 – Dep. Holly Nygaard**, p. 62, l. 12 – 19; p. 71, l. 16 – 18; p. 75, l. 7 15. **Exhibit 3 – Dep. Quanell Gee**, p. 37, l. 12 – p. 38, l. 2; p. 39, l. 17 – 25; p. 43, l. 23 – p. 44, l. 2. Accordingly, Named Plaintiffs' claims are clearly typical of those of other members of the class.

### 4. Named Plaintiffs and Their Counsel Will Fairly and Adequately Represent the Class

> Rule 23(a)(4) provides that a class action may be maintained only if "the representative parties will fairly and adequately protect the interests of the class." Adequate representation may be presumed in the absence of any evidence that named plaintiffs have a conflict of interest with other class members, or that counsel are unqualified. *See Matthews v. Buel, Inc*., No. 11-162, 2012 U.S. Dist. LEXIS 69461, 2012 WL 1825273 (D.S.C. 2012) ("Absent contrary proof, class counsel are presumed competent and sufficiently experienced to prosecute the action on behalf of the class") (citing *Hewlett v. Premier Salons Int'l, Inc*., 185 F.R.D. 211, 218 (D. Md. 1997)). Indeed, a court may take judicial notice of the competency of counsel. *See*, e.g., Frankford Hosp. v. Blue Cross, 67 F.R.D. 643 (E.D. Pa. 1975) (no questions of counsel's competence). In this case, Named Plaintiffs and their Counsel satisfy these adequacy requirements.

*Degidio*, 2017 U.S. Dist. LEXIS 219018 at 38.

Named Plaintiffs do not have conflicts of interest with the other members of the class. They have the same claims for lost wages, deductions from their tips for Walkouts; Wrong Orders; and Silverware, as each other member of the class. Named Plaintiffs' recovery will in no way interfere with or take away from that of any other class member.

Memorandum in Support of Plaintiffs' Motion for Rule 23 Class Certification
C/A: 4:20-CV-00233-JD

To the contrary, Named Plaintiffs and all class members stand to gain from a positive resolution of their legal claims. Further, Named Plaintiffs have assisted their Counsel in identifying claims to be brought against Defendants and are involved in the litigation, as is evidenced by their appearance to testify at deposition. Simply put, Named Plaintiffs can adequately represent the interests of the class.

The second prong of the "adequacy of representation" analysis, which is now governed by Rule 23(g), concerns the ability of class counsel to vigorously prosecute this case on behalf of the proposed class. Within the Fourth Circuit, the competency of class counsel is presumed and the burden of proving inadequacy of counsel is on the defendant. *See Baehr v. Creig Northrop Team, P.C.*, No. 13-0933, 2014 WL 346635 (D. Md. Jan. 29, 2014). In the case at bar, Plaintiffs have retained counsel who is not only a Certified Specialist in Employment Law, but also has a great amount of experience in representing Tipped Employees in these types of cases in this district. **Exhibit 4 – Declaration of Bruce Miller**.

Class counsel is qualified, experienced, and able to vigorously conduct the proposed litigation, as is required by Rule 23(g). Accordingly, the adequacy requirement for certification is met here.

      **B.**    <u>**The Proposed Class Satisfies the Requirements Of Rule 23(b)(3)**</u>

In addition to meeting the requirements of Rule 23(a), Plaintiffs meet the requirements for maintenance of a class action imposed by Rule 23(b)(3) – namely that common, not individual, issues predominate and that class treatment is superior to other forms of adjudication. Fed. R. Civ. P. 23(b)(3). Certification under Rule 23(b)(3) is proper where "the questions of law or fact common to the members of the class predominate over any questions affecting only individual

members," and, to resolve the case, "a class action is superior to other methods available." Fed. R. Civ. P. 23(b)(3). Both prongs are met here.

### 1.     Common Issues Predominate

The predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation," *Gray v. Hearst Commun., Inc*., 444 Fed. App'x 698, 701 (4th Cir. 2011) (quoting *Amchem*, 521 U.S. at 624, 117 S. Ct. 2231), and assesses whether a class action "would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated." Fed. R. Civ. P. 23(b)(3) advisory committee's note to 1966 amendment. Parallel with Rule 23(a)(2)'s commonality element, Rule 23(b)(3)'s predominance requirement imposes an obligation upon a reviewing court to ensure that issues common to the class predominate over those affecting only individual class members. *See Melton ex rel. Dutton v. Carolina Power & Light Co*., 283 F.R.D. 280, 288 (D.S.C. 2012). Hence, courts consider the Rule 23(a) commonality requirement to be incorporated into the more stringent Rule 23(b)(3) predominance requirement, and therefore deem it appropriate to analyze the two factors together, with particular focus on the predominance requirement. *See Ealy v. Pinkerton Govt. Services, Inc*., 514 Fed. App'x 299, 305 (4th Cir. 2013) ("the commonality requirement ... is subsumed under, or superseded by, the ... requirement that questions common to the class predominate over other questions"); *see also Fisher v. Virginia Elec. and Power Co*., 217 F.R.D. 201, 223 (E.D. Va. 2003). Still, a predominance of common questions does not require unanimity of common questions, but rather requires that common questions outweigh individual questions. *See* In re *S.E. Hotel Properties Ltd. Partn. Investor Litig*., 151 F.R.D. 597, 603 (W.D.N.C. 1993).

The issue of liability is a focal point for consideration of predominance. Where the question of basic liability can be established readily by common issues, then it is apparent that

Memorandum in Support of Plaintiffs' Motion for Rule 23 Class Certification
C/A: 4:20-CV-00233-JD

the case is appropriate for class action. *See Gunnells v. Healthplan Services, Inc.*, 348 F.3d 417, 428 (4th Cir. 2003) ("if common questions predominate over individual questions as to liability, courts generally find the predominance standard of Rule 23(b)(3) to be satisfied"). The common question at the center of Plaintiffs' liability argument predominates over any individual issues; this question is whether Defendants' policies and practices regarding its Tipped Employees violated the SCPWA.

Here, common issues, regarding both liability and damages,[3] unquestionably predominate over individual issues. First, in terms of liability, the common question of whether Defendants' policies violated the SCPWA predominates over any individualized issues. A finding of Defendants' liability does not require any individualized inquiry of Class members. Defendants treated all Tipped Employees in the same manner by requiring them to pay for Walkouts; Wrong Orders; and Silverware. Historically, courts have found such issues to exemplify the type of questions poised for class-wide adjudication. *See*, e.g., *Leap v. Yoshida*, No. 14-3650, 2015 WL 619908, at 8 (E.D. Pa. 2015) (finding predominance requirement fulfilled where employer subjected all servers to an unlawful system regarding tip deductions). Therefore, common issues

---

[3] Defendants will likely argue that damages in a case like this vary between class members and, thus, damages present an individualized inquiry that makes certification improper. Defendants would be wrong. Courts within the Fourth Circuit have consistently held that the need for some individualized proof of damages after the liability stage will not defeat class certification. *See, e.g., Scott v. Fam. Dollar Stores, Inc.*, No. 08-540, 2010 WL 143725, *5-6 (W.D.N.C. Jan. 7, 2010) (quoting *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417 (4th Cir. 2003) ("the need for individualized proof of damages alone will not defeat class certification . . . . Quantitatively, almost by definition there will always be more individual damages issues than common liability issues . . . . Qualitatively, however, . . . liability issues may far exceed in complexity the more mundane individual damages issues . . . . The possibility that individualized inquiry into Plaintiffs' damages claims will be required does not defeat the class action because common issues nevertheless predominate")).

Memorandum in Support of Plaintiffs' Motion for Rule 23 Class Certification
C/A: 4:20-CV-00233-JD

of liability plainly predominate over individual issues in this case. *See, e.g.,* cases cited in section on Commonality, *supra*, p. 10.

Defendants' admissions alone demonstrate that common questions predominate over individual questions. Defendants have no records that show the deductions they took from the tips of the Class. When an employer fails to keep adequate and accurate records of deductions from employees' tips, the employees burden of proof is lowered. *Anderson v Mount Clemens Pottery Co.*, 66 S. Ct. 1187, 1192 (1946); *Martin v Deiriggi*, 985 F.2d 129, 132 (4th Cir. 1993).

### 2.    Class Action Treatment Is Superior to Other Alternatives

The factors relevant to consideration of whether a class action is superior are: "(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum: (D) the difficulties likely to be encountered in the management of a class action." Fed. R. Civ. P. 23(b)(3). These factors weigh heavily in favor of class certification in this case.

First, a class action is a far superior means of resolving each putative class member's claims. It is likely that the individual damages for many class members will be relatively small, so that those individual plaintiffs would have little incentive to control their own litigation, and may encounter real difficulties in finding competent counsel to take their case.

Second, allowing this action to proceed as a class action will permit the resolution of all issues in a single case, and avoid a proliferation of individual actions which could burden the docket of the Court. In short, certification in this case promotes "economies of time, effort, and

Memorandum in Support of Plaintiffs' Motion for Rule 23 Class Certification
C/A: 4:20-CV-00233-JD

expense." *Melton ex rel. Dutton v. Carolina Power & Light Co*., 283 F.R.D. 280, 288 (D.S.C. 2012).

Finally, there are no particular difficulties in litigating this matter as a class action in this Court. South Carolina Payment of Wages Act claims are frequently certified in this Court. *See*, e.g., *Degidio*, *2017 U.S. Dist. LEXIS 219018; DeWitt v. Darlington County, S.C*., No. 11-00740, 2013 WL 6408371 (D.S.C. 2013). There are also no factors that would make management of this class unusually difficult.

### C.     The Court Should Authorize Notice via U.S. Mail; Email; and Text Message[4]

Plaintiffs' proposed class notices are attached. **Exhibits 5 – Notice via U.S. Mail; Exhibit 6 – Notice via Email; and Exhibit 7 – Notice via Text Message.**

Plaintiffs respectfully request that the notices be approved. Plaintiffs further request that this Court order Defendants to produce a copy, in electronic format, of the list of Putative Members that Defendants sent pursuant to the Consent Order for Conditional Certification (ECF 22, p.4, No. 8).

### CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court certify a class under Fed. R. Civ. P. 23, consisting of:

All persons who worked as a server and/or bartender at Beach House from January 24, 2017 through .

Plaintiffs further request that the Court authorize Plaintiffs' counsel to proceed with the attached class notices.

*(Signature page to follow.)*

---

[4] Defendants consented to use all three of these types of notices in the FLSA Collective Action. (ECF 22).

Memorandum in Support of Plaintiffs' Motion for Rule 23 Class Certification
C/A: 4:20-CV-00233-JD

                                                  s/Bruce E. Miller
                                                  Bruce E. Miller (Fed Bar No. 3393)
                                                  BRUCE E. MILLER, P.A.
                                                  147 Wappoo Creek Drive, Suite 603
                                                  Charleston, SC  29412
                                                  T: 843.579.7373
                                                  F: 843.614.6417
                                                  bmiller@brucemillerlaw.com

                                                  **ATTORNEY FOR PLAINTIFFS**

                                                  Date:  December 1, 2021