UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| HOLLY NYGAARD and QUANELL GEE, on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>BEACH HOUSE HOSPITALITY GROUP, LLC d/b/a BEACH HOUSE BAR & GRILL<br><br>   Defendant. | C/A: 4:20-CV-00233-JD<br><br><br><br>**AMENDED JOINT MOTION FOR APPROVAL OF FAIR LABOR STANDARDS ACT SETTLEMENT** |

  Plaintiffs, Holly Nygaard and Quanell Gee, on behalf of themselves and all others similarly situated ("Plaintiffs"), by and through their undersigned counsel, and Defendant Beach House Hospitality Group, LLC d/b/a Beach House Bar and Grill ("Defendant"), by and through its undersigned counsel (Plaintiffs and Defendant jointly, "Parties"), hereby file this Amended Joint Motion for Approval of Fair Labor Standards Act Settlement and jointly move this Court for approval of settlement in this action. Plaintiffs alleged Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. (hereinafter, the "FLSA"), in particular, by violation of § 203(m), the "Tip Credit."

  A motion for conditional certification was granted, and notice was provided to the putative plaintiffs. Eleven (11) individuals have joined this action for a total of thirteen (13) Plaintiffs.[1] There has been a vigorous dispute between the Parties as to the underlying facts and the applicable law in this matter. After considerable discussion and review, the Parties have agreed to a settlement. The Parties have agreed to keep the terms of the settlement agreement confidential

---

[1] One of the thirteen Plaintiffs has no damages.

and request that this Court approve their settlement.[2] In support of their Motion, the Parties submit the following:

1. Declaration of Bruce E. Miller, Counsel for Plaintiffs;

2. Declaration of Holly Nygaard, Named Plaintiff and Class Representative; and

3. Declaration of Quanell Gee, Named Plaintiff and Class Representative.

The settlement of FLSA claims outside the context of Department of Labor supervised settlements requires court approval. Courts generally approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes. See *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982); *Clark v. Ecolab Inc.*, 2010 WL 1948198, at *7 (S.D.N.Y. May 11, 2010). If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved. *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

In considering a motion to approve the settlement of a FLSA collective action, the Court must review the parties' proposed agreement for fairness and reasonableness, considering such factors as: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who has represented the plaintiffs; and (5) the probability of plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery. *See Kovacs v. Ernst & Young (In re Jiffy Lube Securities Litigation)*, 927 F.2d 155, 158 (4th Cir. 1991); *Flinn v. FMC Corp.,* 528 F.2d 1169,1173 (4th Cir. 1975); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982).

---

[2] This procedure was followed and approved by this Court in the actions *Tyler McCoy, et al. v. RP, Inc., et al.,* Case No. 2:14-cv-3171-PMD; *Andrew W. Browder, et al. v. Peninsula Grill Associates, LLC*, Case No. 2:14-cv-4135-PMD; and *Bret Herspold, et al. v. King Kong Sushi Bar & Grill, LLC*, Case No. 4:14-CV-03418-RBH.

On balance, the above factors weigh in favor of the Court's approval of the Parties' settlement. The Parties have engaged in producing and analyzing all of the business records relating to the merits of the case and potential damages that have been incurred. In addition, extensive written discovery was exchanged and a total of sixteen (16) depositions were taken. Thus, the record has been developed to an extent that both parties were informed of the Plaintiffs' claims, the Defendant's defenses, and the potential liability.

There is no evidence of fraud or collusion on the part of the Parties or their counsel in this case. The proposed Settlement Agreement is the product of arms'-length negotiations that took place periodically over one year.

The attorney who represents the Plaintiffs is an experienced employment attorney whose practice is devoted to employment law. (<u>See</u> Exhibit 1 – Dec. of Bruce E. Miller). He has litigated many other FLSA cases for many years and is thus able to competently evaluate the merits of the Plaintiffs' claims. (<u>Id.</u>).

Through review of the business records produced in this matter, both Parties have had the opportunity to assess and calculate the potential damages in this case. Although Plaintiffs and their counsel believe that their case has merit, they recognize and acknowledge the uncertain outcome and risk of any case, as well as the expense of continued proceedings through trial and through any possible appeals. Consequently, Plaintiffs believe that the settlement reached is fair, reasonable and adequate and is in their best interests. (<u>See</u> Exhibit 2 – Dec. of Nygaard, Exhibit 3 – Dec. of Gee). Similarly, while the Defendant contends that it paid its employees in conformity with the FLSA and believes that the Plaintiffs' case lacks merit, it acknowledges the uncertain outcome and risk of the case and believes that further, protracted litigation is contrary to its best

interests. Defendant believes that this settlement is fair and reasonable, and will resolve the dispute at issue, while minimizing its own further expenses.

WHEREFORE, Plaintiffs and Defendant respectfully request that this Court approve the Parties' settlement. Further, the parties request that the Court retain jurisdiction to enforce the terms of the settlement agreement, if necessary.

| WE MOVE: | WE MOVE: |
|---|---|
| s/Benjamin A. Baroody | s/Bruce E. Miller |
| Benjamin A. Baroody, Esq. (Fed. Bar No. 9442) | Bruce E. Miller, Esq. (Fed Bar No. 3393) |
| Holly M. Lusk, Esq. (Fed. Bar No. 12587) | BRUCE E. MILLER, P.A. |
| BELLAMY, RUTENBERG, COPELAND, EPPS, GRAVELY & BOWERS, P.A. | 147 Wappoo Creek Drive |
| 1000 29th Avenue North, | Suite 603 |
| Myrtle Beach, SC 29577 | Charleston, SC 29412 |
| T: 843.448.2400 | T: 843.579.7373 |
| F: 843.448.3022 | F: 843.614.6417 |
| bbaroody@bellamylaw.com | bmiller@brucemillerlaw.com |
| hlusk@bellamylaw.com | |
| **ATTORNEYS FOR DEFENDANTS** | **ATTORNEY FOR PLAINTIFFS** |
| Date: September 20, 2023 | Date: September 20, 2023 |