UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| HOLLY NYGAARD and ) <br> QUANELL GEE, on behalf of themselves ) <br> and all others similarly situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BEACH HOUSE HOSPITALITY ) <br> GROUP, LLC d/b/a ) <br> BEACH HOUSE BAR & GRILL ) <br> ) <br> Defendant. ) <br> ) | C/A: 4:20-CV-00233-JD <br><br><br><br><br><br> **ORDER APPROVING SETTLEMENT** <br> **UNDER THE FAIR LABOR** <br> **STANDARDS ACT** |

  This matter comes before the Court on a Joint Motion For Approval of Fair Labor Standards Act Settlement (DE 135) and an Amended Motion for Settlement (DE 138). The attorneys for Plaintiffs, Holly Nygaard, and Quanell Gee, on behalf of themselves and all others similarly situated ("Plaintiffs"), and Defendant Beach House Hospitality Group, LLC d/b/a Beach House Bar & Grill ("Defendant") (jointly, "Parties") request approval of the settlement reached between the Parties.

  Plaintiffs alleged that Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. (hereinafter, "FLSA"), by violating § 203(m), the Tip Credit. There are disputes between the Parties about the underlying facts and the controlling law. Nonetheless, the Parties believe the settlement reached and agreed upon to be a fair and reasonable settlement of their dispute, given the uncertainty as to liability and damages and the estimated future litigation costs.

  The settlement of FLSA claims outside the context of Department of Labor-supervised settlements requires court approval. Courts generally approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes. See Lynn's Food Stores,

1

Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982). If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved. See Lynn's Food Stores, Inc., 679 F.2d at 1354.

In considering a motion to approve the settlement of a FLSA collective action, the Court must review the parties' proposed agreement for fairness and reasonableness. The Court is guided by several factors to assess whether a settlement is fair and reasonable, specifically:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

Weckesser v. Knight Enterprises S.E., LLC, 402 F. Supp. 3d 302, 305 (D.S.C. 2019) (citations omitted); see also Kovacs v. Ernst & Young (In re Jiffy Lube Securities Litigation), 927 F.2d 155, 158 (4th Cir. 1991), Flinn v. FMC Corp., 528 F.2d 1169,1173 (4th Cir. 1975), Lynn's Food Stores, Inc., 679 F.2d 1350.

To satisfy the above factors, the Parties filed an Amended Joint Motion for Approval of Fair Labor Standards Act Settlement with supporting declarations from Bruce E. Miller ("Miller") – Counsel for Plaintiffs, Holly Nygaard ("Nygaard") – Named Plaintiff and Class Representative in this matter, and Quanell Gee ("Gee") – Named Plaintiff and Class Representative in this matter. (DE 138.) After considering the amended joint motion, the Court directed the parties to provide additional information about the settlement amount "expressed by percentage or ratio (instead of the settlement amount) in relation to the potential of recovery so the Court can assess the amount of the settlement in relation to the potential recovery." (DE 140.) The Parties have supplemented

2

the amended joint motion with additional declarations from Miller, Nygaard, and Gee (DE 141). On balance, the above factors weigh in favor of the Court's approval of the Parties' settlement.

To that end, the record show that the Parties have engaged in producing and analyzing all of the business records relating to the merits of the case and potential damages that have been incurred. In addition, extensive written discovery was exchanged, and a total of sixteen (16) depositions were taken. Thus, the record has been developed to an extent that both parties were informed of Plaintiffs' claims, Defendant's defenses, and the potential liability.

There is no evidence of fraud or collusion on the part of the Parties or their counsel in this case. In addition, the proposed settlement is the product of arms'-length negotiations that took place periodically over one year. Furthermore, the attorney who represents the Plaintiffs is an experienced employment attorney whose practice is devoted to employment law. He has litigated many other FLSA cases for many years and is thus able to competently evaluate the merits of the Plaintiffs' claims.

Through review of the business records produced in this matter, both Parties have had the opportunity to assess and calculate the potential damages in this case. Although Plaintiffs and their counsel believe that their case has merit, they recognize and acknowledge the uncertain outcome and risk of any case, as well as the expense of continued proceedings through trial and through any possible appeals. Consequently, Plaintiffs believe that the settlement reached is fair, reasonable, and adequate and is in their best interests. Similarly, while the Defendant contends that it paid its employees in conformity with the FLSA and believes that the Plaintiffs' case lacks merit, it acknowledges the uncertain outcome and risk of the case and believes that further, protracted litigation is contrary to its best interests. Defendant believes that this settlement is fair and reasonable, and it will resolve the dispute at issue while minimizing its own further expenses.

After due consideration and inquiry into the circumstances surrounding the proposed settlement of Plaintiffs' FLSA claim against Defendant, I find and conclude that the proposed settlement in this case meets the standard for approval as it reflects a reasonable compromise of a bona fide dispute. I find and conclude that the proposed settlement is fair and reasonable and in the best interest of the Parties. I further find the settlement to have been reached in good faith.

The receipt of payment by each of the Plaintiffs in this matter shall constitute an accord, satisfaction, and release of any and all wage and hour claims any such individual may have against Defendant arising out of their employment with Defendant.

Based upon the Parties' joint request to approve the settlement, the court approves the settlement as requested by the Parties and dismisses this action without prejudice to allow the parties to consummate the settlement. The Parties may, but are not required to, file a stipulation of dismissal with prejudice after the settlement has been consummated.

**AND IT IS ORDERED**

Joseph Dawson, III
United States District Judge

November 1, 2023
Florence, South Carolina